IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| NIA GLENN-LOPEZ, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:17-cv-02147-STA-cgc |
| | ) | |
| JASON S. MANGRUM; BO LUXMAN; | ) | |
| BENJAMIN WILLIAM PERRY; HEATHER | ) | |
| HOWELL WRIGHT; JOHN W. STUART; | ) | |
| KEN BIANCO; OCWEN LOAN SERVICING, | ) | |
| LLC; DUETSHCE BANK NATIONAL | ) | |
| TRUST CO.; AMERIQUEST MORTGAGE | ) | |
| SECURITIES, INC., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Before the Court is the United States Magistrate Judge's Report and Recommendation that Plaintiff's *pro se* Complaint (ECF No. 1) be dismissed pursuant to 28 U.S.C. § 1915 for failure to state a claim upon which relief may be granted. (ECF No. 10.) United States Magistrate Judge Charmiane G. Claxton submitted her Report and Recommendation on January 31, 2019. (*Id.*) Plaintiff filed a "Response to Defendants' Motion to Dismiss" on February 14, 2019. (ECF No. 11.) The Court construes Plaintiff's "Response" as her objections to the Magistrate Judge's Report. Having reviewed the Magistrate Judge's Report and Recommendation *de novo* and the entire record of the proceedings, the Court hereby **ADOPTS** the Report. Plaintiff's Complaint is **DISMISSED**.

Plaintiff asserted the following causes of action: (1) that Ameriquest Mortgage Securities, Inc. ("Ameriquest"), Ocwen Loan Servicing ("Ocwen"), and Deutshce Bank National Trust Co.

1

("Deutshce") be ordered to provide an account "for monies purportedly owed . . . and payments made by Plaintiff (ECF No. 1 at 12-13); (2) that Ameriquest, Ocwen, Duetshce, Jason Mangrum, Benjamin Perry, and Heather Wright violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692, *et seq.* (EC No. 1 at 25); that "Defendants" violated Tennessee Code Annotated § 62-20-102(3) and § 62-20-115(b)(5), which Plaintiff refers to as the "Tennessee Fair Debt Collection Practices Act," but which is officially titled the Tennessee Collection Service Act ("TCSA"); (4) that Defendants violated the Tennessee Consumer Protection Act, Tennessee Code Annotated § 47-18-104 ("TCPA"); (5) that Ocwen, Duetshce, and Ameriquest committed invasion of privacy by illegally obtaining Plaintiff's consumer credit reports; (6) that Ocwen, Duetshce, and Ameriquest violated 18 U.S.C. § 245; (7) that Ocwen, Duetshce, and Ameriquest violated 18 U.S.C. § 1983 by depriving Plaintiff of her rights under Article 1, Sections 17 and 21 of the Tennessee Constitution; (8) that Ocwen, Duetshce, and Ameriquest violated 42 U.S.C. § 1985 by conspiring to interfere with her civil rights; (9) that Ocwen, Duetshce, and Ameriquest "induced and produced any and all contracts they allege exist . . . through fraud, coercion, misrepresentation, and non-disclosure"; and (10) that Ocwen, Duetshce, and Ameriquest have committed grand larceny against the estate.

With regard to Plaintiff's FDCPA claims, Plaintiff only conclusorily alleged that Ocwen, Ameriquest, and Deutsche bank are debt collectors. Such a conclusory allegation is insufficient. As to the attorney-Defendants, Plaintiff has stated no facts to support the assertion that the attorneys were "debt collectors" within the meaning of the FDCPA. Further, Plaintiff failed to allege facts amounting to acts or omissions prohibited by the FDCPA. Because Plaintiff failed to plead facts necessary to support her FDCPA claim, Magistrate Judge Claxton correctly concluded that Plaintiff failed to state a claim upon which relief may be granted.

As to Plaintiff's accounting demand, the Court agrees with Magistrate Judge Claxton's recommendation to construe Plaintiff's request as substantially similar to a claim seeking verification of debt under 15 U.S.C. § 1692g. Plaintiff, however, fails to allege that she has not been properly notified of her debts in accordance with the FDCPA. Failure to allege improper notification warrants dismissal for failing to state a claim upon which relief may be granted.

With regard to Plaintiff's allegations that Defendants violated the TCSA, Magistrate Judge Claxton found that none of the provisions Plaintiff cited give rise to a federal cause of action against the named Defendants. The Court agrees. Therefore, Plaintiff's TCSA claims must be dismissed for Plaintiff's failure to state a claim upon which relief may be granted.

Next, Plaintiff alleges that Defendants violated the TCPA. Magistrate Judge Claxton correctly reports that the statute to which Plaintiff refers is inapplicable to claims against a mortgage holder arising from a foreclosure. Further, Plaintiff provided no facts supporting a claim for relief under the TCPA as it pertains to the individual defendants. Thus, Plaintiff's TCPA claims shall be dismissed because Plaintiff failed to state a claim upon which relief may be granted.

With regard to Plaintiff's invasion of privacy claim, the Court agrees with Magistrate Judge Claxton's reading of Plaintiff's allegation in context of the entire Complaint. Plaintiff's allegations that Defendants unlawfully obtained her social security number and credit reports are insufficient to support her claim in this context. Because Plaintiff fails to adequately state a claim for unreasonable intrusion upon the seclusion of another, Plaintiff's invasion of privacy claim is dismissed.

As for the 18 U.S.C. § 245 claim, Magistrate Judge Claxton correctly reported that Plaintiff's claim cannot survive, as section 245 claims may only be brought by the government. Because Plaintiff is a private party, Plaintiff's section 245 claim must be dismissed.

The Court also agrees that Plaintiff's 42 U.S.C. § 1983 claim cannot survive. Because section 1983 claims cannot be brought against private actors and Plaintiff has not attributed any of the private actors' actions to the state, Plaintiff's section 1983 claim shall be dismissed.

Plaintiff is also unable to proceed with her claim pursuant to 42 U.S.C. § 1985. While section 1985 claims can proceed against a private actor—unlike section 1983 claims—who deprives a person of her constitutional rights, such a deprivation is not before the Court in this case. Plaintiff fails to set forth any facts in her Complaint to support a section 1985 claim. Therefore, the Court agrees with Magistrate Judge Claxton that Plaintiff's section 1985 claim must be dismissed.

Plaintiff brings two contract claims. One claim is based on fraudulent inducement and the other is based on Defendants' attempts to enforce a contract to which Plaintiff was not a party. The Court agrees with Magistrate Judge Claxton that Plaintiff's own pleadings contradict her contract claims. Therefore, Plaintiff does not state a contract claim upon which relief may be granted.

Plaintiff also attempts to bring a criminal theft claim against Defendants. As stated by Magistrate Judge Claxton, "[C]riminal offenses may only be brought by a prosecuting authority and contain no private right of action." (ECF No. 10 at 15.) Because Plaintiff is a private party, her claim for grand larceny must be dismissed.

Finally, the Court agrees with Magistrate Judge Claxton as to Plaintiff's various other unsubstantiated claims. Because the Court finds no cognizable claims, the remaining portions of Plaintiff's Complaint are also dismissed for Plaintiff's failure to state a claim upon which relief may be granted.

Plaintiff filed her "Response to Defendants' Motion to Dismiss," which the Court construes as Plaintiff's objections to Magistrate Judge Claxton's Report and Recommendation. (ECF No. 11.) The Court infers from Plaintiff's Response that Plaintiff erroneously believed Magistrate Judge Claxton's Report and Recommendation was a motion to dismiss. In her Report and Recommendation, Magistrate Judge Claxton recommended that none of Plaintiff's claims were supported with the requisite information to proceed. The Court agrees. Plaintiff's Complaint (ECF No. 1) is laden with conclusory allegations having little to no relevant factual support. Plaintiff fails to set forth the elements of her claims or facts consistent with those elements. While Plaintiff correctly states that she, a pro se litigant, "should not be held to the stringent standards of one so employed in [the legal] profession" (ECF No. 11 at 4), as Magistrate Judge Claxton stated, this Court, has "'no obligation to act as counsel or paralegal' to pro se litigants . . . [and is not] 'required to create' a pro se litigant's claim for [her]." (ECF No. 10 at 5 (cleaned up)). Ascertaining a viable claim from Plaintiff's filings would require just that: creating Plaintiff's claims for her.

Regarding the certification of appealability, the Court agrees with Magistrate Judge Claxton that any appeal in this matter by Plaintiff is not taken in good faith. Therefore, leave to proceed in forma pauperis on appeal is **DENIED**. If Plaintiff chooses to file a notice of appeal, she must pay the appellate filing fee in full or file a motion to proceed in forma pauperis in the United States Court of Appeals for the Sixth Circuit within thirty (30) days of the entry of this Order.

Because Plaintiff presents no facts or law to show that the Report and Recommendation should not be adopted, the Report and Recommendation is **ADOPTED** in its entirety. Pursuant to 28 U.S.C. § 1915, this case is **DISMISSED** in its entirety for Plaintiff's failure to state a claim upon which relief may be granted.

**IT IS SO ORDERED.**

        **s/ S. Thomas Anderson**
        S. THOMAS ANDERSON
        CHIEF UNITED STATES DISTRICT JUDGE


        Date: June 11, 2019